United States District Court
District of Massachusetts

| | |
|---|---|
| Piper et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. |
| The Talbots, Inc., | ) 20-10297-NMG |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

MEMORANDUM & ORDER

GORTON, J.

In June, 2020, plaintiffs Lois Piper and Brenda Ruark (collectively "plaintiffs"), on behalf of themselves and others similarly situated, filed the first amended complaint ("FAC") against The Talbots, Inc. ("Talbots" or "defendant"), alleging that Talbots was unlawfully selling personally identifiable information ("PII") of its customers to data mining companies, data brokers and other third parties. Plaintiffs contend that such conduct violates the Virginia Personal Information Privacy Act, Va. Code Ann. §§ 59.1-442, et seq. ("VPIPA") (Count I) and unjustly enriched defendant pursuant to Virginia state law (Count II).

Pending before the Court is defendant's motion to dismiss the FAC for failure to state a claim (Docket No. 19) and an attendant request for judicial notice (Docket No. 21). For the

- 1 -

reasons that follow, the Court will take judicial notice and the motion will be allowed, in part, and denied, in part.

## I.   __Background__

Talbots is a Delaware corporation that has its principal place of business in Hingham, Massachusetts.  Plaintiffs are both Virginia residents who have allegedly made purchases at Talbots retail stores in Virginia during an unspecified period of time.  In February, 2020, plaintiffs filed their original putative class action complaint against Talbots.  It responded by filing a motion to dismiss for failure to state a claim after which plaintiffs filed the FAC as of right.

In the FAC, plaintiffs allege that each time they made purchases at Talbots retail stores in Virginia, the cashier requested PII, including their names and addresses.  They assert that, using that information, Talbots created and maintained a digital database comprised of the PII of all its consumers and sold that information to third parties, such as NextMark, Inc. ("NextMark"), a data broker, and Wiland Direct, a data mining company.  Plaintiffs contend that they were never notified that Talbots sells the PII of its customers and that they never authorized such a sale of their own PII.

As evidence of Talbots' alleged misconduct, plaintiffs attach to the FAC two printouts from NextMark's website.  One printout is labeled the "Talbots Mailing List" and shows that

NextMark offers to sell various information with respect to Talbot's customers.  The second is labeled "Talbots Wiland Direct Modeled Mailing List" which also shows NextMark offering to sell information about Talbots' customers and adds that the mailing list will allow Wiland Direct members to "apply their models to Talbot's names to connect with their ideal customer type".  Both printouts also bear the Talbots logo.

Plaintiffs submit that the sale of their PII without their knowledge or consent has caused them injury.  First, the disclosure of their PII to third parties has caused them to be inundated with unwanted junk mail and telephone solicitations. Second, plaintiffs contend that the products they purchased (without accompanying statutory privacy protections) are worth less than what they paid for, i.e., products with accompanying statutory privacy protections.  They aver that, had they known that Talbots would be profiting from their PII, neither plaintiff would have purchased Talbots' products at the listed purchase price, if at all.  Accordingly, plaintiffs assert two counts against Talbots: (I) violation of the VPIPA and (II) unjust enrichment pursuant to Virginia state law.

A.  **Defendant's Motion to Dismiss for Failure to State a Claim**

In June, 2020, defendant Talbots filed a motion to dismiss the FAC for failure to state a claim.  With respect to the VPIPA

claim, defendant contends that: 1) plaintiffs allege only that
Talbots asked for their personal information and not that
Talbots recorded it, 2) the printouts from NextMark's website
are ambiguous as to the source and kind of information being
sold and 3) plaintiffs have stated no facts to support their
allegation that the junk mail received was attributable to
Talbots' sale of their PII.  According to defendant, only if the
PII was obtained from plaintiffs pursuant to an in-store
purchase in Virginia, recorded and sold without their consent
would Talbots' conduct violate the VPIPA but the facts alleged
in the FAC are not so restrictive.

    Plaintiffs respond that they have stated a claim pursuant
to the VPIPA.  First, they aver that they need not specifically
allege that Talbots recorded their PII to state a claim that
Talbots sold it because such conduct is the natural, most
plausible inference to be drawn from the facts alleged.  Not
only, they say, does the FAC allege that Talbots' cashiers
repeatedly asked them for their PII but it also includes
printouts from NextMark's website bearing the Talbots' logo and
listing prices for various information related to Talbots'
customers and their purchases.  Second, plaintiffs contend that
the FAC plausibly alleges that plaintiffs' PII was obtained via
an in-store purchase in Virginia, and not through other means,
because it only refers to purchases by plaintiffs made in that

manner and makes no reference to plaintiffs joining a Talbots loyalty club or shopping there online.

Defendant also challenges plaintiffs' claim for unjust enrichment on grounds that, _inter_ _alia_, it is barred because plaintiffs have an adequate remedy at law, specifically the VPIPA.  Plaintiffs reply that they conferred a benefit on defendant by providing their PII which defendant subsequently sold for a profit.  By selling the PII without plaintiffs' knowledge or consent in violation of the VPIPA, defendant has been unjustly enriched.  Plaintiffs add that the Federal Rules of Civil Procedure permit pleading in the alternative, thereby enabling them simultaneously to plead claims pursuant to the VPIPA and for unjust enrichment.

## II.  **Discussion**

### A.  **Legal Standard**

To survive a motion under Fed. R. Civ. P. 12(b)(6), the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the

misconduct alleged. <u>Ocasio-Hernandez</u> v. <u>Fortuno-Burset</u>, 640 F.3d
1, 12 (1st Cir. 2011).

When rendering that determination, a court may not look
beyond the facts alleged in the complaint, documents
incorporated by reference therein and facts susceptible to
judicial notice. <u>Haley</u> v. <u>City of Boston</u>, 657 F.3d 39, 46 (1st
Cir. 2011).  A court also may not disregard properly pled
factual allegations even if actual proof of those facts is
improbable. <u>Ocasio-Hernandez</u>, 640 F.3d at 12.  Rather, the
relevant inquiry focuses on the reasonableness of the inference
of liability that the plaintiff is asking the court to draw. <u>Id.</u>
at 13.

   **B.   Application**

      **1.   Judicial Notice**

Under Federal Rule of Evidence 201(b)

> [t]he court may judicially notice a fact that is not
> subject to reasonable dispute because it: (1) is generally
> known within the trial court's territorial jurisdiction; or
> (2) can be accurately and readily determined from sources
> whose accuracy cannot reasonably be questioned.

If a party requests a court to take judicial notice of such a
fact and provides it with all of the necessary information,
judicial notice must be taken, Fed. R. Evid. 201(c), and the
rule is appliable even at the motion to dismiss stage. <u>In re</u>
<u>Colonial Mortgage Bankers Copr.</u>, 324 F.3d 12, 20 (1st Cir. 2003)

(noting that judicially noticed facts may be considered in deciding a motion to dismiss).

Defendant requests the Court to take judicial notice of two documents: a printout from NextMark's website of the frequently asked questions and a printout from Talbots' website of their loyalty and credit card programs. Both printouts emanate from website postings that are publicly accessible and are, thus, readily verified through an internet search and plaintiffs do not contest the authenticity of either document. Furthermore, plaintiffs refer to the frequently asked questions page in the FAC. See Local No. 8 IBEW Ret. Plan & Trust v. Vertex Pharm. Inc., 838 F.3d 76, 78 n.3 (1st Cir. 2016) (considering at the motion to dismiss phase the text of a document proffered by the defendant because the document was referred to in the complaint and its authenticity was undisputed). Accordingly, the Court will take judicial notice that the information contained in the printouts is included on the websites of NextMark and Talbots, respectively.

### 2. Virginia Personal Information Privacy Act

The Virginia Personal Information Privacy Act, Va. Code Ann. § 59.1-442(A) ("VPIPA"), provides that,

> [n]o merchant, without giving notice to the purchaser, shall sell to any third person information which concerns the purchaser and which is gathered in connection with the sale, rental or exchange of tangible personal property to the purchaser at the merchant's place of business . . .

The Act defines a merchant as "any person or entity engaged in the sale of goods from a fixed retail location in Virginia." § 59.1-442(B).

This Court finds that plaintiffs have plausibly pled a claim for relief pursuant to the VPIPA.  They assert that Talbots, a corporation which sells goods from fixed retail locations in Virginia (a merchant), sold PII of plaintiffs and other customers to third parties without notice or consent. Plaintiffs allege specifically that they have made several purchases at Talbots retail stores in Virginia, during which they have been asked by Talbots' cashiers for their name, address and other personally identifiable information.  They submit that they were not informed that Talbots sells the PII of its customers so they readily provided the requested information.  Soon thereafter, according to the FAC, plaintiffs received unwanted junk mail and telephone solicitations, allowing for a reasonable inference that the information provided to the Talbots' cashier was disclosed to third parties.

Furthermore, after plaintiffs shared their PII with Talbots, they learned that data brokers, such as NextMark, offer mailing lists of Talbots' customers for sale.  As evidence of those lists, plaintiffs have attached as Exhibits A and B to the FAC printouts from the NextMark website in which NextMark offers

at varying prices different kinds of information concerning Talbots' customers.  Although the printouts do not specifically indicate the source of the subject data, they allow for the reasonable inference that it was Talbots because the printouts bear the Talbots logo and offer for sale information about its customers and their purchases.

Accordingly, if this Court accepts as true the facts alleged in the FAC, a reasonable inference can be drawn that Talbots violated the VPIPA by selling to third parties information concerning its customers, including the plaintiffs, which was gathered in connection with the sale of tangible personal property at its retail stores in Virginia without the customers' knowledge or consent. Cf. Horton v. GameStop Corp., 380 F. Supp. 3d 679, 682 (W.D. Mich. 2018) ("Given that GameStop possessed the Game Informer subscription information and that NextMark purported to sell that information, the implication that GameStop disclosed the information to NextMark or other data-mining companies passes the threshold of plausibility"); see also Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 53-54 (1st Cir. 2013) (explaining that a complaint can survive a 12(b)(6) motion even if it does not "plead [all the] facts sufficient to establish a prima facie case" nor set forth "detailed factual allegations").

### 3.   Unjust Enrichment

Under Virginia Law, a claim for unjust enrichment requires proof that 1) plaintiff conferred a benefit on the defendant, 2) defendant was aware of the benefit and should have reasonably expected to repay the plaintiff but 3) defendant retained the benefit without paying for its value. G.H. Watts Construction, Inc. v. Cornerstone Builders, LLC, 95 Va. Cir. 121 (Hanover Cir. Ct. 2017).  Regardless of whether plaintiffs' FAC states the requisite elements, however, the Court will dismiss their unjust enrichment claim because they have an adequate remedy at law, i.e., the VPIPA. See Shaulis v. Nordstrom, Inc., 865 F.3d 1, 16 (1st Cir. 2017); R.M. Harrison Mech. Corp. v. Decker Indus., Inc., 75 Va. Cir. 404, 412 (2008) (("For a claim of unjust enrichment to stand, the plaintiff must have no adequate remedy at law against the demurring defendant.").  Indeed, their unjust enrichment claim depends on a finding that Talbots' conduct violated the VPIPA.

**ORDER**

For the foregoing reasons, defendant's motion to dismiss the first amended complaint for failure to state a claim (Docket No. 19) is, with respect to plaintiffs claim for unjust enrichment (Count II), **ALLOWED** but otherwise **DENIED.** Plaintiffs' claim for unjust enrichment is dismissed.

**So ordered.**

<u>\s\ Nathaniel M. Gorton</u>
Nathaniel M. Gorton
United States District Judge

Dated December 14, 2020